The defendant not having the money, the sheriff at his request allowed him until the next day to make payment; defendant failed to make payment on the next day, and a few days afterwards gave to plaintiff, who was the next highest bidder on the 24th, a bill of sale for the negro, without (358) having exposed her to public sale again. Soon after, defendant obtained possession of the negro, by going at night to a place where this negro and others had assembled to dance, and kept possession until she was replevied.
There was no formal delivery of the slave made by the sheriff to either party.
The points relied on in the defense below were: (1) that the facts did not show such a taking as would support replevin; (2) that the property vested in the defendant when the slave was struck off to him at public sale and a day of payment was allowed him by the sheriff; (3) that the sale by the sheriff to plaintiff being private, was therefore void; (4) that one of defendant's pleas being, property in a stranger, plaintiff could not recover under all the circumstances of the case.
The court charged for the plaintiff on all the points, and there was a verdict accordingly.
The case stood here on a rule for a new trial.
The delivery of the bill of sale to the plaintiff was equivalent to a delivery of the slave, and it must be *Page 262 
considered that he had thereby full and complete possession of the property, inasmuch as she was in the possession of the sheriff at the time of the sale, and no adverse possession is shown in any other person till the period when she was seen in defendant's possession.
I am clearly of opinion that the writ of replevin will only lie where there has been an actual taking out of the possession of the party suing it; but as the jury were the proper judges whether the taking was proved, and they have found affirmatively upon proper evidence, the verdict is not exceptionable on that score.
As to the title of the slave, I apprehend that the bid made by the defendant became absolutely void by his failing (359) to pay the money according to the terms given to him by the sheriff, who then had it in his power either to expose the property again to public sale or to validate and confirm the next highest bid, by receiving the money and making a title to the bidder. It is true that such bidder could not be bound without his own consent; but when the sheriff who had the title in him thought proper to convey it to Cummings, no complaint can justly be made by the defendant, who had doubly forfeited all claim, both by his bidding without money and neglecting to avail himself of the terms of credit offered by the sheriff. I cannot, therefore, but approve of the direction of the judge on all the points.